# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| MOORISH SCIENCE TEMPLE OF AMERICA, a religious corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-cv-3519 |
| CITY OF BERWYN, a municipal corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

This case arises from interactions between police officers of the City of Berwyn and members of the Moorish Science Temple of America ("Moorish Science Temple"). The City of Berwyn has filed a motion to dismiss all claims on several grounds. The motion is granted.

## I. FACTUAL BACKGROUND

The initial complaint in this case was filed by Marcel A. Walton-El ("Mr. Walton-El"), who identifies himself as a Grand Sheik of the Moorish Science Temple, a religious organization.[1] (Init. Compl. ¶¶ 3–4.) Mr. Walton-El is *pro se*. (Dkt. No. 3.) In the initial

---

[1] Mr. Walton-El further identified himself as affiliated with the Moorish Consulate Post. (Init. Compl. at 2.) We are unsure whether this entity is a subdivision of the Moorish Science Temple of America or a separate entity. We also take judicial notice of the fact that there are apparently multiple groups that have claimed affiliation with the Moorish Science Temple of America in court proceedings around the country without the approval of that organization. Tom Breen, *Bogus Court Filings Spotlight Little-Known Sect*, Associated Press, July 27, 2011, *available at* http://abcnews.go.com/Health/wireStory?id=14170630 (last visited Sep. 2, 2011).

complaint, Mr. Walton-El describes a series of encounters between Berwyn police officers and members of the Moorish Science Temple that he alleges are violative of the federal constitution.

The first encounter occurred on March 24, 2011. Mr. Walton-El describes how on that date Berwyn police officers, led by an Officer Galiger, star number 299, coerced Elodia Rodriguez-Bey ("Ms. Rodriguez-Bey") to consent to a search of her home. (Init. Compl. ¶ 1.) The officers then took "unlawful possession" of three vehicles owned by Everardo Rodriguez-Bey ("Mr. Rodriguez-Bey"). (*Id.* ¶¶ 2, 6.) Mr. Rodriguez-Bey is a member of the Moorish Science Temple. (*Id.*)

Following this incident, on April 5, 2011, Mr. Walton-El went to the Berwyn Police Department in order to secure the return of two of the three vehicles that had been seized on March 24.[2] (*Id.* ¶ 3.) Mr. Walton-El, who was accompanied that day by Ronald Garrett-Bey, Bob Shults, and Robert Shults, tendered certificates of title for the vehicles to the desk officer at the police station located at 6401 West 31st Street in Berwyn. (*Id.* ¶¶ 3–4.) After the desk officer reviewed these documents, Mr. Walton-El asserts that the same Officer Galiger from the March 24 incident appeared. Mr. Walton-El says that Officer Galiger proceeded to say that members of the Moorish Science Temple, including Mr. Walton-El and Mr. Garrett-Bey, were "con-artist niggers" who "make me sick." (*Id.* ¶ 4.) Officer Galiger also repeatedly addressed the Moorish Science Temple members as "you people," described their Moorish identification

---

We accept as true that Mr. Walton-El and the putative parties associated with him are affiliated with the Moorish Science Temple of America, but in the event this is untrue, the references contained herein to the Moorish Science Temple pertain only to whatever organization with which these putative parties are in fact affiliated.

[2] Although the initial complaint does not specify when or why, the third vehicle had apparently been returned to Mr. Rodriguez-Bey. (Init. Compl. ¶ 2.)

cards as fraudulent, and told them to leave. (*Id.*) Later, in what seems to have been a separate incident, Mr. Walton-El also accuses Officer Galiger of ordering the removal of "a Moorish Religious sign from the outside wall of the property located [at] 1926 South Clarence Ave.[,] Berwyn, Illinois 60402." (*Id.* ¶ 5.)

In the wake of these incidents, Mr. Walton-El filed the initial complaint on May 25, 2011, which names the Moorish Science Temple as the sole plaintiff and the City of Berwyn as the sole defendant. (*Id.* at 1.) After being served with the initial complaint and summons, the City of Berwyn filed a motion to dismiss on June 20, 2011. (Mot.) In that motion and supporting memorandum, the City of Berwyn asserted that the initial complaint failed to state a claim and that Mr. Walton-El lacked standing to sue on behalf of the Moorish Science Temple. (Mem. at 2–5.) We ordered the plaintiff, the Moorish Science Temple, to respond to the City of Berwyn's motion on or before July 15, 2011. (Dkt. No. 14.)

Before any response was filed, however, another document labeled "Amendment to Case #11-cv-03519" was filed on June 29, 2011. (Dkt. No. 15.) That document begins: "I, Grand Sheik Marcel A. Walton-El, agent of the Moorish Science Temple of America . . . make an amendment to original pleadings, which was filed on 05-25-2011[.]" (*Id.* at 1.) Because the document is styled as an amended complaint, we will refer to it as such. The amended complaint continues: "Sheik Everardo Rodriguez-Bey is an Ecclesiastical Officer of this religious society . . . [who] has a cause of action based on pecuniary damages on March 24[t]h, 2011 at 6:00 p.m. . . . when Officer Galiger (star #299) commanded the officers of the Berwyn Police Department to take unlawful possession of his three vehicles." (*Id.*) The amended complaint then states that "Sheik Everardo Rodriguez-Bey, according to Rule 12(b), (e) or (f) of the Federal Rules of Civil

Procedures has amended as a plaintiff." (*Id.*)  Elsewhere, the amended complaint states that "Everardo Rodriguez-Bey is represented by the Moorish Science Temple of America[.]" (*Id.* at 2.)

The amended complaint also contains a section labeled "Jurisdictional Allegations" and another labeled "Causes of Action." (*Id.* at 3–4.)  Under Causes of Action, the amended complaint makes references to 42 U.S.C. § 1983, as well as the Fourth, Fifth, and Fourteenth Amendments to the federal constitution. (*Id.* at 4.)  In terms of specific facts, the amended complaint alleges that "Berwyn's police officers" entered 1926 South Clarence Avenue in Berwyn "without probable cause . . . [and] without any judicial search warrant or proper consent of search." (*Id.*)  The officers then "confiscated three vehicles owned by Ever Auto Sales. . . which is owned by Sheik Everardo Rodriguez-Bey." (*Id.*)  Lastly, the amended complaint alleges that the officers made "unlawful arrests of Parmeno Rodriguez-Bey and Cesar Rodriguez-Bey, who are the cousin and brother of Everardo Rodriguez-Bey." (*Id.*)  The amended complaint is signed and dated by Everardo Rodriguez-Bey. (*Id.* at 4.)  Mr. Rodriguez-Bey also filed a *pro se* appearance in conjunction with the amended complaint. (Dkt. No. 16.)

Next, on July 21, 2011, a response to the City of Berwyn's motion to dismiss was filed. (Dkt. No. 18.)  Although it begins by stating "[n]ow comes the Plaintiff Moorish Science Temple of America pro se," the response is signed by Mr. Rodriguez-Bey. (*Id.* at 1, 3.)  Attached to the response are the initial complaint filed by Mr. Walton-El, as well as a purported affidavit from Jeffrey Deer ("the Deer affidavit").  In the affidavit, Mr. Deer identifies himself as "the personal attorney for Everardo Rodriguez Bey." (Deer Aff. at 1.)  Mr. Deer has not filed an appearance on behalf of Mr. Rodriguez-Bey or any other possible party in this case.  Nevertheless, Mr. Deer

states that he contacted the Berwyn Police Department regarding the taking of Mr. Rodriguez-Bey's cars. (*Id.*) In response to his inquiry, Mr. Deer claims to have been told:

> [T]hat the cars were taken because Mr. Rodriguez was a member of the Moorish Science Temple and that they had an expert to state the Vin numbers on the car were all fake and that these people (Moorish Science Temple Members) are known for washing titles to car and land.

(*Id.*) The purported affidavit is signed but not dated by Mr. Deer on the first page. (*Id.*) The second page is signed, sealed, and dated by Tanina Aguinaga, a notary public. (*Id.* at 2.)

On July 26, 2011, the City of Berwyn filed a reply to the response to the motion to dismiss. In the reply, the City of Berwyn asserts that "the Complaint" fails to state a claim for individual or municipal liability under 42 U.S.C. § 1983, that standing and jurisdiction are not adequately pled, and that punitive damages are unavailable against a municipality. (Reply at 1–3.) Although the reply acknowledges that an "amended Complaint" was filed, it leaves unclear whether its references to "the Complaint" encompass the initial complaint, the amended complaint, or both. (*Id.* at 1.)

## II. PROCEDURAL ISSUES

The filings in this case present several threshold procedural issues. We must begin by determining who the proper parties are and what filings are operative and relevant to the present motion.

### A. Mr. Rodriguez-Bey is the only proper plaintiff in this case.

The initial complaint in this case was filed *pro se*, meaning not by counsel, by Mr. Walton-El. Although individuals may "plead and conduct their own cases personally" in federal court, 28 U.S.C. § 1654, the law in the Seventh Circuit is clear that a *pro se* litigant cannot represent another *pro se* litigant. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008).

Furthermore, a corporation cannot appear *pro se* but must instead be represented by counsel. *Id.* This rule applies with equal force to non-profit corporations, including religious organizations. *See Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cnty.*, 543 F.2d 32, 33–34. (7th Cir. 1976) (affirming district court's dismissal of complaint where plaintiff, an Illinois not-for-profit corporation, was represented only through its president and founder, the Reverend Rachel V. Elder, a non-lawyer) (cited in *Nocula*, 520 F.3d at 725).

This means that Mr. Walton-El, who has not identified himself as an attorney, cannot represent the Moorish Science Temple, which, according to attachments to the initial complaint, is an Illinois religious corporation. (Init. Compl. at 3.) Nor can Mr. Walton-El represent Mr. Rodriguez-Bey or anyone other than himself. The same is true for Mr. Rodriguez-Bey, who has also failed to identify himself as an attorney. Thus, the only parties that have appeared in this case are those individuals that have appeared *pro se* on their own behalf and those individuals and entities that have appeared through counsel. This group includes Mr. Walton-El (Dkt. No. 3), Mr. Rodriguez-Bey (Dkt. No. 16), and the City of Berwyn (Dkt. Nos. 7–11). It does not include the Moorish Science Temple or any other entities or individuals. We therefore strike the Moorish Science Temple as a plaintiff.

The next question, then, is whether there are any remaining plaintiffs. Based on Rule 17 of the Federal Rules of Civil Procedure, we conclude that there is one: Mr. Rodriguez-Bey. Rule 17 mandates that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The Seventh Circuit has described this rule as codifying "the principle that a litigant cannot sue in federal court to enforce the rights of third parties." *Rawoof v. Texor*

*Petroleum Co., Inc.*, 521 F.3d 750, 757 (7th Cir. 2008). Nevertheless, Rule 17 also provides that:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

*Id.* § (a)(3). This provision means that, even where a suit has been brought by a party other than a real party in interest, ratification, joinder, or substitution can "cure an initial failure to prosecute an action in the name of the real party in interest[.]" *Rawoof*, 521 F.3d at 760.

That is what has happened here with respect to Mr. Rodriguez-Bey. As indicated, Mr. Walton-El filed the initial complaint on behalf of the Moorish Science Temple as the sole named plaintiff. The allegations in the initial complaint describe, among other things, Berwyn police officers "unlawful[ly]" taking three vehicles belonging to Mr. Rodriguez-Bey. (Init. Compl. ¶¶ 2, 6.) But because Walton-El is *pro se*, he could not file a complaint on behalf of the Moorish Science Temple or Mr. Rodriguez Bey. *Nocula*, 520 F.3d at 725. Indeed, the City of Berwyn argued that Mr. Walton-El lacked standing in it its motion to dismiss filed on June 20. (Mot. ¶ 3; Mem. at 4–5.) In response, Mr. Walton-El filed another document nine days later, on June 29, purporting to amend the initial complaint by adding Mr. Rodriguez-Bey as a plaintiff. (Dkt. No. 15 at 1.) This document, unlike the initial complaint, was signed and dated by Mr. Rodriguez-Bey. (*Id.* at 4.) We interpret Mr. Rodriguez-Bey's signature on the June 29 filing, in conjunction with his filing of a *pro se* appearance that same day, as ratifying and amending what would otherwise have been an improper complaint filed by Mr. Walton-El on Mr. Rodriguez-

Bey's behalf.[3] *Cf. Moorish National Republic: Federal Government Moorish Divine and National Movement of the World v. City of Chi.*, No. 10-C-1047, 2011 WL 2893024, at *4 (N.D. Ill. July 19, 2011) (dismissing *pro se* plaintiff who attempted to allow another *pro se* plaintiff to represent her but who had failed to sign any documents filed on her behalf) [hereinafter *Moorish National Republic*]. Nevertheless, we admonish Mr. Walton-El that he is not authorized to represent Mr. Rodriguez-Bey or the Moorish Science Temple, and we will disregard any filings he attempts to make on their behalf.[4]

We also conclude that Mr. Walton-El has failed to state a claim on his own behalf. From our reading of his filings, we understand Mr. Walton-El as attempting to bring claims as a leader of the Moorish Science Temple on behalf of the organization and its members, Mr. Rodriguez-Bey in particular, rather than as a plaintiff himself. Again, because Mr. Walton-El is *pro se*, he has no authority to act in this representative capacity. And even though the initial complaint described some of Mr. Walton-El's own unpleasant interactions with a Berwyn police officer in

---

[3] In its reply, the City of Berwyn pointed out that the amended complaint was filed "without leave of court." (Reply at 1.) No leave was required. Rule 15 provides that where "the pleading is one to which a responsive pleading is required," then "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). The City of Berwyn filed and served its Rule 12(b)(6) motion on June 20, and the amended complaint was filed nine days later on June 29, which is within the twenty-one days allowed for amendment as a matter of course. But any future attempts to amend the complaint in this case, including in the wake of this opinion, must be made with leave of this Court. Fed. R. Civ. P. 15(a)(2). Absent the granting of such leave, any attempt to further amend the complaint will be disregarded.

[4] The amended complaint also claims that "Everardo Rodriguez-Bey is represented by the Moorish Science Temple of America." (Dkt. No. 15 at 2.) Once again, such representation of one *pro se* litigant, Mr. Rodriguez-Bey, by another *pro se* litigant, the Moorish Science Temple, is not allowed. *Nocula*, 520 F.3d at 725. Any filings made by the Moorish Science Temple on behalf of Mr. Rodriguez-Bey will be disregarded.

his attempt to retrieve Mr. Rodriguez-Bey's vehicles, we do not interpret these allegations as stating a claim based on any constitutional violation suffered by Mr. Walton-El himself. Even if Officer Galiger called Mr. Walton-El a "con-artist nigger," as is alleged, the use of a derogatory racial epithet, although "unprofessional and inexcusable," is not a violation of Mr. Walton-El's civil rights. *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987). Accordingly, to the extent Mr. Walton-El is attempting to state a claim on his own behalf, that claim is dismissed, and he is no longer a party to this case.

### B. Mr. Rodriguez-Bey has only pled what is in the amended complaint.

Having determined that Mr. Rodriguez-Bey is the only proper plaintiff, we must determine what he has actually pled. We draw this line based on the documents he has signed. *Moorish National Republic*, 2011 WL 2893024 at *4. Rule 11 requires that "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11. Mr. Rodriguez-Bey has signed two documents: the amended complaint and the response to the motion to dismiss. We attribute these documents to Mr. Rodriguez-Bey.

But some ambiguity surrounds the initial complaint and the affidavit by Jeffrey Deer. These documents were never signed by Mr. Rodriguez-Bey, but both are attached to the response that Mr. Rodriguez-Bey did sign. Regarding the initial complaint, the general rule is that an amended pleading "supersedes the pleading it modifies" and "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case[.]" *Charles A. Wright & Arthur Miller*, 6 *Federal Practice & Procedure* § 1476 (3d ed. 2011). But it is also true that "[a]n amended pleading may adopt some or all of the averments of the original pleading

in conformity with the incorporation by reference practice permitted by Rule 10©. However, the identification of the particular allegations incorporated must be direct, clear, and explicit." *Id.* In this case, the amended complaint generally references the initial complaint by indicating that it is "an amendment to the original pleadings, which was filed on 05-25-2011." (Dkt. No. 15 at 1.) But despite making similar allegations regarding the confiscation of Mr. Rodriguez-Bey's vehicles, the amended complaint lacks the specific identification of particular allegations that are necessary for incorporation. (*Id.* at 3.) Thus, the amended complaint supersedes the initial complaint in its entirety.

Notably absent from the amended complaint are any references to Mr. Walton-El's interactions at the Berwyn police station or the incident involving the sign removal.[5] Leaving aside any issues with respect to Mr. Rodriguez-Bey's standing to sue based on these incidents, we view them as allegations in the initial complaint that have not been incorporated in the amended complaint and thus they "no longer perform[] any function in the case." *Federal Practice & Procedure* § 1476. Accordingly, the only operative allegations in this case are those pertaining to the seizure of Mr. Rodriguez-Bey's vehicles contained in the amended complaint.

Regarding the Deer affidavit, the Seventh Circuit has made clear that "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the

---

[5] Mr. Rodriguez-Bey brings up the sign removal again in his response. (Resp. at 2.) Ordinarily, the plaintiff's response to a motion to dismiss is not the place to make new allegations or to revive allegations that were not reincorporated from prior complaints. But even if we were to consider the amended complaint as incorporating the allegations pertinent to this incident, Mr. Rodriguez-Bey still failed to allege that removal of the sign was pursuant to some unconstitutional policy or custom. *Monell v. Dept. of Social Servs. of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978). Thus, the sole defendant, the City of Berwyn, would not be liable for this action.

plaintiff's complaint and are central to his claim." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 2010). Courts in this district have also applied this rule to documents attached to a plaintiff's response to a motion to dismiss. *Metz v. Joe Rizza Imports, Inc.*, 700 F. Supp. 2d 983, 988 (N.D. Ill. 2010); *Ritz v. Lake Cnty., Ill.*, No. 08 C 5026, 2010 WL 2025392, at *2 (May 21, 2010); *Krok v. Burns & Wilcox, Ltd.*, No. 98 C 5902, 1999 WL 262125, at *6 (N.D. Ill. Apr. 16, 1999). The amended complaint (or the initial complaint for that matter) does not contain any reference to the Deer affidavit or the alleged facts contained therein. Thus, this document is not "referred to in the plaintiff's complaint" and cannot be considered at this stage. *Wright*, 29 F.3d at 1248; *Metz*, 700 F. Supp. 2d at 988.

## II. STANDARD OF REVIEW

Having determined who the proper plaintiff is and what he is actually alleging, we turn to the standard of review. The City of Berwyn has filed a motion to dismiss under Rule 12(b)(6). Pursuant to Rule 12(b)(6), a court will dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). But it is well-settled that a motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court may grant a motion to dismiss under Rule 12(b)(6) only if, after accepting all well-pled allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint still "fail[s] to state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007); *Ashcroft v. Iqbal*, --- U.S. ----, ---- - ----, 129 S.Ct. 1937, 1949–50 (2009); *see Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010) (discussing Rule 12(b)(6) standard after *Twombly* and *Iqbal*).

## III. ANALYSIS

The City of Berwyn moved to dismiss the initial complaint on several grounds. In addition to the standing issues discussed above, the City also argued that the initial complaint failed to sufficiently allege a constitutional violation, that the allegations were insufficient to establish municipal liability, and that punitive damages could not lie as a matter of law. (Mem. at 2–5.) Although the filing of the amended complaint addressed the standing issue at least with respect to Mr. Rodriguez-Bey, it did not necessarily cure the other defects pointed out in the motion to dismiss. It is common practice that "[i]f some of the defects raised in the original motion [to dismiss] remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Federal Practice & Procedure* § 1476. Treating the City of Berwyn's motion to dismiss in this way is appropriate in this case in light of Mr. Rodriguez-Bey's decision to respond to the original motion after filing the amended complaint. (Resp.) Furthermore, the City of Berwyn renewed several of its arguments from the original motion in its reply. (Reply at 1–3.)

We focus on the City of Berwyn's argument regarding municipal liability, because it is dispositive. The City of Berwyn is the sole defendant in this case.[6] As a municipality, the City of Berwyn can only be liable for the unconstitutional acts of its police officers if those officers were acting according to an unconstitutional policy or custom. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037. In other words, Mr. Rodriguez-Bey must allege that he "was deprived of a federal right, as a result of an express municipal policy, widespread custom, or deliberate act of a decision-

---

[6] Although the initial and amended complaints reference an Officer Galiger, he is not named as a defendant and has not been served.

maker for [the City of Berwyn], which proximately caused his injury." *Davis v. Carter*, 452 F.3d 686, 691 (7th Cir. 2006) (citing *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2037).

Mr. Rodriguez-Bey has not adequately alleged that an unconstitutional policy or custom of the City of Berwyn deprived him of a federal right. *Id.* In the amended complaint, Mr. Rodriguez-Bey alleges that Berwyn police officers entered a building located at 1926 South Clarence Avenue in Berwyn "without probable cause" and "without any judicial search warrant or proper consent of search" and confiscated three vehicles belonging to Ever Auto Sales, which is in turn owned by Mr. Rodriguez-Bey. (Dkt. No. 15 at 3.) Assuming *arguendo* that these allegations are true and that Mr. Rodriguez-Bey has standing,[7] Mr. Rodriguez-Bey's Fourth Amendment right to be free from unreasonable searches and seizures was violated. Even so, nothing in the amended complaint indicates that the officers who entered the property and seized the vehicles were acting in accordance with a widespread policy or custom. Mr. Rodriguez-Bey also has failed to allege involvement by a final decisionmaker for the City of Berwyn, see *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926 (1988), nor has he alleged that the City of Berwyn's failure to train its police officers was the cause of any injury he suffered, see *City of Canton v. Harris*, 489 U.S. 378, 387, 109 S.Ct. 1197, 1204 (1989). Thus, Mr. Rodriguez-Bey, the sole plaintiff, has failed to state a claim against the City of Berwyn, the sole defendant. For this reason, the City of Berwyn's motion to dismiss is granted.[8]

---

[7] Notably, nowhere in the amended complaint does Mr. Rodriguez-Bey allege that he owned, inhabited or otherwise had a reasonable expectation of privacy in the Clarence Avenue property.

[8] The amended complaint also purports to challenge the "unlawful arrests" of Parmeno Rodriguez-Bey and Cesar Rodriguez-Bey, "the cousin and brother of Everardo Rodriguez-Bey." (Dkt. No. 15 at 3.) Mr. Rodriguez-Bey has no standing to sue on their behalf, and they are not

## IV. CONCLUSION

The City of Berwyn's motion to dismiss the amended complaint is granted. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: September 6, 2011

---

and never have been proper parties to this case. The same is true with respect to Elodia Rodriguez-Bey, who, although referenced in the initial complaint, is not referenced in the amended complaint. (Init. Compl. ¶ 1.) *See Moorish National Republic*, 2011 WL 2893024 at *4.